Mr. Don F. Hamilton, General Counsel Little Rock Wastewater Utility 11 Clearwater Drive Little Rock, Arkansas 72204
Dear Mr. Hamilton:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether a letter you have characterized as a "letter of resignation" written by a former employee of the Little Rock Wastewater Utility, is subject to inspection and copying under the Arkansas Freedom of Information Act ("FOIA"). See A.C.A. §§ 25-19-101 to -109 (Repl. 2002) and (Supp. 2005). Specifically, you note that a newspaper has made a request for this document, although you have not enclosed a copy of the newspaper's request for my review. You request an opinion "as to whether or not the `letter of resignation' . . . is exempt because disclosure would constitute a clearly unwarranted invasion of personal privacy," or whether it is "not exempt and subject to disclosure." You report that it "appears to [you] that the letter, standing alone, is subject to disclosure," but that you are asking for this opinion in an effort to comply with the FOIA. You have enclosed a copy of the letter in question for my review.
RESPONSE
My statutory duty in this regard is to determine whether the custodian's decision is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B)(i) (Supp. 2005). In my opinion your decision is consistent with the FOIA.
The disclosure of public employee resignation letters has been discussed many times in opinions of the Attorney General. The status of the law regarding the release of such letters was detailed by my predecessor in Op. Att'y. Gen. 2002-320. In that opinion it was stated that: "[t]his office has consistently opined that letters of resignation generally constitute "personnel records," within the meaning of the FOIA. See, e.g.,
Ops. Att'y Gen. Nos. 2002-006; 2001-276; 99-147; 99-119; 98-122; 95-162; 88-147." The FOIA, as you indicate, exempts from disclosure "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). I have described the analysis undertaken pursuant to this test as follows:
 The FOIA . . . does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
* * *
 The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Op. Att'y. Gen. 2004-260 at 2.
With regard specifically to resignation letters, the following discussion is relevant:
 The office has consistently taken the position that unless a letter of resignation contains statements that are of a personal nature, the release of the letter will not constitute a clearly unwarranted invasion of personal privacy, so as to be exempt from disclosure. See Ops. Att'y Gen. Nos. 2002-006; 2001-276; 97-063; 95-169; 95-162; 89-077. More specifically, this office has opined that a statement detailing the employee's intent to cease employment on a certain date and listing the justifications for taking such action does not implicate the privacy concerns reflected in A.C.A. § 25-19-105(b)(12). Id. If the resignation letter includes more detailed information of a personal nature, however, it may be exempt from disclosure. See, e.g., Op. Att'y Gen. No. 1996-088.
Op. Att'y. Gen. 2002-320 at 2-3.
If the content of a particular resignation letter "is personal in nature, conveying personal and intimate details of the employee's life," it is exempt from disclosure. See Op. Att'y. Gen.1998-122; 1997-079; and 1996-088. However, "unless a letter of resignation contains statements that are of a personal nature, the letter will not implicate the privacy concerns reflected in A.C.A. § 25-19-105(b) (1[2]) so as to be exempt from disclosure. That is, unless the letter contains such personal statements, its disclosure will not constitute a clearly unwarranted invasion of personal privacy." See Op. Att'y. Gen. 2001-276, citing Ops. Att'y Gen. Nos. 1998-122; 1997-063; 1995-169; 1995-162; and 1989-077. It has also been stated that if a resignation letter contains both information of a personal nature and information not of a personal nature, the former should be redacted and the balance of the information released. Op. Att'y. Gen. 2002-320.
In my opinion the letter you have enclosed with your request does not contain the kind of personal information that would be shielded from public inspection under A.C.A. § 25-19-105(b)(12). In my opinion, therefore, your decision that it is subject to release is consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh